**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Stephen Jones

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN JONES**<br><br>Plaintiff,<br><br>v.<br><br>**AARON'S, INC.;**<br><br>Defendant | Case No.: **'19CV1073 W    MDD**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.; AND**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a Rent-to-Own furniture debt collector who threatened to repossess a consumer's mattress and then repeatedly robo-dialed the consumer's cell phone over a span of months, without consent and with increasing frequency until the consumer filed a complaint against the debt collector with the Better Business Bureau.

2. **STEPHEN JONES** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, , attorney fees, and costs, against **AARON'S, INC.** for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit creditors who collect debt from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227, the Telephone Consumer Protection Act, 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## RFDCPA

10. When enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

11. The RFDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is a "Debtor" as that term is defined by California Civil Code § 1788.2(h), and Plaintiff is a "Person" as that term is defined by the TCPA, 47 U.S.C. § 153(39), and is a subscriber to cellular telephone services

within the United States.

14. Defendant Aaron's, Inc. (hereinafter "Defendant Aaron's") is a Georgia corporation operating from an address of 400 Galleria Pkwy. SE, Suite 300, Atlanta, GA 30339, and is a "Debt Collector" as that term is defined Cal. Civ. Code § 1788.2(c), and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

15. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

16. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.** *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing in the County of San Diego in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

20. In or around October 2016, Plaintiff purchased a mattress for personal use from Defendant, a Rent-to-Own furniture store. The last payment made was in April 2017 and, thereafter, Plaintiff fell behind on the bill.

21. On or around May 1, 2017, Defendant called Plaintiff for the first time, and Plaintiff noticed an unnatural pause before the Defendant's representative started speaking.

22. On several occasions, Defendant confirmed to Plaintiff that they used an ATDS to dial Plaintiff's cell phone.

23. All of the phone calls Plaintiff received from Defendant were made to Plaintiff's cell phone, phone number ending in 0552.

24. Defendant called Plaintiff at least once per month from May 1, 2017, through November 2018 using an ATDS.

25. In or around November 2018, Defendant began calling Plaintiff using an ATDS one to two times per week.

26. None of the phone calls Defendant made to Plaintiff were permissible exceptions

and/or exemptions to the TCPA.

27. In November 2018, Plaintiff spoke to a representative of Defendant who identified himself as "Greg." Plaintiff asked Greg to remove him from Defendant's autodialer and asked that Defendant no longer call him. Greg refused to remove Plaintiff from Defendant's autodialer and told Plaintiff he would keep calling him until this debt was paid.

28. On at least three occasions between November 2018 and March 2019, Plaintiff asked the representative who called him on behalf of Defendant to remove him from the autodialer and to stop calling him. Sometimes the representative would agree to remove Plaintiff and stop calling, but the autodialer ATDS calls continued despite the statements of Defendant's representatives.

29. Plaintiff has actually spoken to a representative of Defendant on the phone at least six times. Each time Plaintiff spoke to a representative, he requested that Defendant send him an email or a letter verifying the debt. Defendant never sent any emails or letters regarding the debt, but kept calling Plaintiff even after he requested multiple times that the calls stop.

30. During one of Plaintiff's telephone conversations with Defendant, Defendant threatened to come to Plaintiff's house and repossess his mattress.

31. Defendant called Plaintiff at least one to two times per week using an ATDS from November 2018, through February 2019.

32. In or around the end of February 2019/beginning of March 2019, Defendant

began calling Plaintiff using an ATDS every other day, i.e. 3-4 times per week.

33. On or around March 8, 2019, Plaintiff filed a complaint regarding Defendant with the Better Business Bureau ("BBB"), demanding that Defendant stop calling Plaintiff.

34. On or around March 15, 2019, Defendant responded to Plaintiff's BBB complaint by stating that it would remove Plaintiff from renewal calls, but that the regional manager would call Plaintiff personally.

35. On or around March 18, 2019, Plaintiff responded to Defendant via BBB by stating their proposal was not accepted, and again demanded that Defendant stop calling him entirely.

36. On or around March 20, 2019, Defendant responded via BBB and stated it would remove, but the manager has to have their renewal retention department remove him, that the manager could not remove Plaintiff himself.

37. On or around March 21, 2019, Plaintiff responded to Defendant via BBB, stating that this was not acceptable, and demanded a third time that Defendant stop calling him entirely.

38. Finally, on or around March 25, 2018, Defendant confirmed that Plaintiff had been removed from their call list, and that Defendant would no longer call Plaintiff.

## ACTUAL DAMAGES

39. Plaintiff has suffered actual damages as a result of these illegal collection and

intimidation tactics by this Defendant in the form of, loss of telecommunications, charges for cellular phone usage, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A person violates the TCPA when they contact or attempt to contact a person via an Automated Telephone Dialing System (ATDS) without prior express consent from the recipient or any statutory exception.

42. Defendant violated the TCPA when they contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

### COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

44. A person violates the TCPA when they knowingly or willfully contact or attempt to contact a person via an ATDS without prior express consent from the recipient or any statutory exception.

45. Defendant violated the TCPA when they knowingly and/or willfully contacted and/or attempted to contact Plaintiff via an ATDS after Plaintiff had explicitly revoked any prior express consent that Defendant may have had to do so.

## COUNT III

### VIOLATION OF § 1788.10(E) OF THE RFDCPA

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. A defendant violates § 1788.10(e) of the RFDCPA when it threatens that nonpayment of the debt may result in the seizure of any property unless such action is in fact contemplated by the debt collector and permitted by law.

48. Defendant violated § 1788.10(e) of the RFDCPA when they willfully threatened to repossess Plaintiff's mattress when such action was not in fact contemplated by the debt collector and permitted by law.

## COUNT IV

### VIOLATION OF § 1788.11(D) OF THE RFDCPA

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. A defendant violates §1788.11(d) of the RFDCPA when it causes the telephone to ring repeatedly or continuously to annoy the person called.

51. Defendant violated §1788.11(d) when, on multiple occasions, Defendant willfully called Plaintiff and let the phone ring incessantly if Plaintiff failed to answer, without leaving a voicemail. Defendant called Plaintiff 1-2 times per week from November 2018 through February 2019, and 4-5 times per week from February 2019 through March 8, 2019, and every time they called using an ATDS without consent from Plaintiff.

## COUNT V

## VIOLATION OF § 1788.11(E) OF THE RFDCPA

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. A defendant violates §1788.11(e) of the RFDCPA when it communicates by phone or in person with a consumer with such frequency as to be unreasonable and/or constitute harassment of the consumer.

54. Defendant violated §1788.11(e) when, on multiple occasions, Defendant willfully called Plaintiff with increasing frequency over almost two years. Defendant called Plaintiff once a month from May 2017 through November 2018, 1-2 times per week from November 2018 through February 2019, and 4-5 times per week from February 2019 through March 8, 2019 and every time they called using an ATDS without consent from Plaintiff.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. A defendant violates §1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. §1692b through 1692j, inclusive.

57. Defendants violated §1788.17 of the REDCPA when they willfully engaged in conduct, the natural consequence of which is the violation of 15 U.S.C. §1692d, and §1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of statutory damages in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1500.00 for each and every willful or knowing violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C) against Defendant and for Plaintiff, and,

c) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for each Plaintiff, and,

d) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for each Plaintiff, and,

e) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for each Plaintiff, and,

f) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

g) Award to Plaintiff of such other and further relief as may be just and proper.

### TRIAL BY JURY IS DEMANDED.

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: June 7, 2019

THE CARDOZA LAW CORPORATION
BY: /S/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
STEPHEN JONES